UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALVIN L. REDFIELD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent. ) | Case No. 3:10-CV-303 JD |

## OPINION AND ORDER

Alvin L. Redfield, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 [DE 1] seeking to challenge his 2001 conviction in Madison County Superior Court for battery, rape, criminal confinement, and habitual offender adjudication. *State v. Redfield*, 48D03-0101-CF-026. The Court is obligated to review a habeas petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

Redfield's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Redfield was convicted following a jury trial in 2001 and sentenced to an aggregate term of 78 years. *Redfield v. State*, No. 48A02-0107-CR-487. He appealed, and the Indiana Court of Appeals affirmed on February 21, 2002. *Id.* He filed a petition to transfer with the Indiana Supreme Court, which was denied on May 17, 2002.[1] *Id.* He did not file a petition for writ of certiorari with the United States Supreme Court. [DE 1 at 1.] On April 21, 2003, Redfield filed a petition for post-conviction relief with the state trial court. [DE 1 at 1.] That petition was denied and Redfield appealed. [DE 1 at 1-2.] The Indiana Court of Appeals affirmed, and the Indiana Supreme Court denied his petition to transfer on August 19, 2009. *Redfield v. State*, No. 48A02-0812-PC-1106. Redfield filed this federal petition on July 15, 2010, raising the following claims: (1) his trial counsel was ineffective in opening the door to a line of questioning about his prior offenses at trial; and (2)

---

[1] Redfield asserts in his petition that the Indiana Supreme Court denied his petition to transfer on May 2, 2002. [DE 1 at 1.] The public docket for the Indiana Supreme Court indicates that the petition was actually denied on May 17, 2002. *Redfield v. State*, No. 48A02-0107-CR-487. Regardless of which date is used, the petition is untimely.

2

his trial counsel was ineffective in failing to request a jury instruction on a lesser included misdemeanor battery offense. [DE 1 at 3-4.]

Neither of Redfield's claims implicate newly discovered evidence or a newly recognized constitutional right. Redfield also does not claim that a state-created impediment prevented him from filing his federal petition on time.[2] Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. On direct review, the Indiana Supreme Court denied Redfield's petition to transfer on May 17, 2002, and his conviction became final (and the one-year limitations period began running) when the time for seeking review in the United States Supreme Court expired 90 days later. *Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009). When Redfield filed his state post-conviction petition, 249 days had already run on the one-year limitations period. The filing of the post-conviction petition on April 21, 2003, tolled the limitations period under 28 U.S.C. § 2244(d)(2), through and including the date on which the Indiana Supreme Court denied his petition to transfer, August 19, 2009. The statute of limitations again began running the following day, and at that time Redfield had 116 days remaining, or until December 14, 2009, to file a timely federal petition. He did not file a petition within that time period, and instead filed this petition on July 15, 2010, approximately seven months too late. Redfield has not provided any grounds for excusing the untimeliness of his petition, and so the petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the

---

[2] In response to Question 16, where the petitioner is asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Redfield merely lists the relevant dates of the state court proceedings, and does not provide any analysis or explanation as to why his petition is timely under AEDPA. [DE 1 at 5.]

petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When the district court has dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the Court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

As is fully explained above, Redfield's habeas petition was not timely filed. Nothing before the Court suggests that jurists of reason could debate the correctness of this procedural ruling, or find that there is a reason to encourage Redfield to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

For these reasons, the petition [DE 1] is DISMISSED pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the Court DENIES a certificate of appealability.

SO ORDERED.

ENTERED:  August 11, 2010

             /s/ JON E. DEGUILIO
             Judge
             United States District Court